IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KATHRYN BUTLER,<br><br>    Plaintiff,<br><br>v.<br><br>SALT LAKE CITY SCHOOL DISTRICT,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S PARTIAL MOTION TO DISMISS<br><br><br>Case No. 2:20-CV-154 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Partial Motion to Dismiss. For the reasons discussed below, the Court will deny the Motion.

I.  BACKGROUND

Plaintiff is an employee of the Salt Lake City School District. She asserts claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"). Defendant seeks dismissal of certain discrete discriminatory acts that it asserts are time-barred.

II.  MOTION TO DISMISS STANDARD

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[1] Plaintiff must provide "enough facts to state a claim to relief that is

---

[1] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

1

plausible on its face,"[2] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[3]  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[4]

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[5]  As the Court in *Iqbal* stated,

> [o]nly a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[6]

In considering a motion to dismiss, a district court not only considers the complaint, "but also the attached exhibits,"[7] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[8]  The Court "may consider documents

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

[5] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[6] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

[7] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[8] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[9]

### III.  DISCUSSION

In a deferral state, such as Utah, Title VII and the ADEA require filing a charge of discrimination with the EEOC within 300 days after the alleged discriminatory practice.[10] Plaintiff filed her charge of discrimination on or about March 14, 2016.  Thus, Defendant seeks dismissal of those portions of Plaintiff's claims that relate to discrete discriminatory acts that occurred before May 19, 2015.

Defendant does not seek dismissal of any of Plaintiff's causes of action, only certain portions of those claims.  However, partial dismissal of a claim is not appropriate under Rule 12(b)(6).[11]  Therefore, Defendant's Motion must be denied.

Moreover, Plaintiff has asserted a hostile work environment claim.  Such claims "often involve a series of incidents that span a period of longer than 300 days."[12]  The Supreme Court has held that "as long as 'an act' contributing to a hostile work environment took place no more

---

[9] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

[10] 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(1).

[11] *FTC v. Nudge, LLC*, 430 F. Supp. 3d 1230, 1246 & nn.121–22 (D. Utah 2019) (explaining that partial dismissal of claims is not appropriate under Rule 12(b)(6)); *see also BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) ("A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of parts of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief. Summary judgment is different. The Federal Rules of Civil Procedure explicitly allow for "[p]artial [s]ummary [j]udgment" and require parties to "identif[y] each claim or defense—or the part of each claim or defense—on which summary judgment is sought.") (internal citation omitted).

[12] *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1308 (10th Cir. 2005).

than 300 days before the plaintiff filed an EEOC charge, a court may consider the complete history of acts comprising that hostile work environment."[13]  Further, the statute does not "bar an employee from using the prior acts as background evidence in support of a timely claim."[14]

 "[W]hen analyzing a hostile work environment claim spanning longer than 300 days '[a] court's task is to determine whether the acts about which an employee complains are part of the same actionable hostile work environment practice, and if so, whether any act falls within the statutory time period.'"[15]  "[T]here must be a relationship between acts alleged after the beginning of the filing period and the acts alleged before the filing period . . . ."[16]  "[A] series of alleged events comprises the same hostile environment where 'the pre- and post-limitations period incidents involve[d] the same type of employment actions, occurred relatively frequently, and were perpetrated by the same managers.'"[17]

With this background in mind, the Court will deny Defendant's Motion.  The parties agree that Plaintiff has alleged at least one discriminatory act that took place during the limitations period.  Plaintiff's other allegations may support her hostile work environment claim or may be considered as background evidence.  Therefore, dismissal is not appropriate at this time.  Defendant may reassert its request, if appropriate, at a later stage of these proceedings.

---

[13] *Id.* (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002)).

[14] *Morgan*, 536 U.S. at 113.

[15] *Duncan*, 397 F.3d at 1308 (quoting *Morgan*, 536 U.S. at 120) (second alteration in original).

[16] *Id.*

[17] *Id.* at 1309 (quoting *Morgan*, 536 U.S. at 120) (second alteration in original).

## IV.  CONCLUSION

It is therefore

ORDERED that Defendant's Partial Motion to Dismiss (Docket No. 13) is DENIED.

DATED this 11th day of June, 2020.

        BY THE COURT:

        _____
        Ted Stewart
        United States District Judge

5